IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NANCY JOHNSON**                                                                                           **PLAINTIFF**

v.                                         Case No. 4:13-cv-00090-KGB

**VALLEY MEDICAL MOORPARK**
**LAB CLINIC and VALLEY**
**MEDICAL HOSPITAL**                                                                              **DEFENDANT**

## ORDER

Before the Court are several motions. On February 21, 2013, *pro se* plaintiff Nancy Johnson filed this complaint against Valley Medical Moorpark Lab Clinic ("Moorpark Lab") and Valley Medical Hospital (Dkt. No. 2). After Mr. Johnson provided the name and address of the defendants (Dkt. No. 8), the Clerk of the Court prepared a summons and the U.S. Marshals Service attempted to serve the summons and complaint on the defendants. *See* Fed. R. Civ. P. 4(m). The summons and complaint sent to Moorpark Lab were returned unexecuted by the U.S. Postal Service on May 1, 2013 (Dkt. No. 10). On August 20, 2013, Ms. Johnson filed a motion for entry of default against Moorpark Lab (Dkt. No. 13). On September 10, 2013, the Court referred the motion for consideration to the Clerk, which entered default, and dismissed Moorpark Lab for Ms. Johnson's failure to perfect timely service of process (Dkt. No. 14). On September 17, 2013, Ms. Johnson filed a "Request to Reinstate Claim" against Moorpark Lab, which the Court construes as a motion for relief from its September 10, 2013, Order (Dkt. No. 17). Ms. Johnson's motion for relief from the Court's prior Order is denied because, as discussed below, Santa Clara County, California (the "County"), is the only proper defendant. Accordingly, the Clerk also is directed to terminate defendant "Valley Medical Hospital" and add as a defendant the County of Santa Clara, California.

On September 20, 2013, the County filed a motion to set aside default (Dkt. No. 18). On September 26, 2013, Ms. Johnson filed a response to the County's motion (Dkt. No. 20) and, on September 27, 2013, requested that the Court redirect the summons to the address where the County indicated it should be served (Dkt. No. 21). The County's motion to set aside default and Ms. Johnson's request to redirect summons are granted. The U.S. Marshal is directed to send a copy of the summons and complaint to Clerk of the Board, 70 W. Hedding Street, 10th Floor East Wing, San Jose, California 95110.

## I.   Motion For Relief

Ms. Johnson's motion for relief from the Court's prior Order dismissing Moorpark Lab is denied because neither Moorpark Lab nor Valley Medical Hospital are proper defendants. To begin, Ms. Johnson originally may have misnamed both entities that she intended to sue. In its motion to set aside default judgment, the County points out that Ms. Johnson, in naming Valley Medical Hospital in the complaint, intended to refer to Santa Clara Valley Medical Center. Ms. Johnson agrees (Dkt. No. 20), and in fact later provided the correct name and also clarified that "Moorpark Lab is part of the Santa Clara Valley Medical Center" (Dkt. No. 8). Further, the address provided by Ms. Johnson belongs to Valley Health Center Moorpark, which presumably runs Moorpark Lab but which Ms. Johnson never mentioned. Regardless, both entities—Moorpark Lab and Santa Clara Valley Medical Center—are subsidiaries of the County. Moorpark Lab is part of Santa Clara Valley Medical Center, as Ms. Johnson explained, which in turn is a department within Santa Clara County Valley Health and Hospital System—a subsidiary of the County.

California has only waived its sovereign immunity for tort actions against a government entity that qualifies as a public entity or local public entity. *See* Cal. Gov't Code § 945; *see also*

*BV Eng'g v. UCLA*, 858 F.2d 1394, 1396 (9th Cir. 1988) ("This waiver does not, however, constitute a waiver of eleventh amendment immunity. . . . A state's waiver of sovereign immunity in its own courts does not effect a waiver of its eleventh amendment immunity in federal courts."). Neither Moorpark Lab nor Santa Clara Valley Medical Center qualify as a public entity or local public entity, and thus both have sovereign immunity from tort actions and cannot be sued in tort. Cal. Gov't Code §§ 811.2, 940.4. Further, California law requires an action against a mere subsidiary be filed against the parent entity—in this case the County. *See Bauer v. Ventura Cnty.*, 289 P.2d 1, 8-9 (Cal. 1955); *Hovd v. Hayward Unified Sch. Dist.*, 141 Cal. Rptr. 527, 528 (Cal. Ct. App. 1977).

Thus, as the parent entity of Santa Clara County Valley Health and Hospital System, which includes Moorpark Lab and Santa Clara Valley Medical Center, the County is the proper defendant. Even if the Court granted Ms. Johnson's motion for relief and reinstated Moorpark Lab, Moorpark Lab would have to be terminated again immediately because it is not a proper defendant. Accordingly, Ms. Johnson's motion for relief is denied and the Clerk is directed to terminate defendant Valley Medical Hospital and add as a defendant the County of Santa Clara, California.

### II. Motion To Set Aside Default

The County's motion to set aside default is granted. "A 'default' occurs when a defendant fail[s] to answer or otherwise respond to a complaint, and an 'entry of default' is what the clerk of the court enters when it is established that a defendant is in default." *Roberts v. Kevmar Capital Corp.*, 2012 WL 1193133, at *1 (E.D. Ark. Apr. 10, 2012). The entry of default "is a procedural step in obtaining default judgment;" it is "not determinative of any rights." *Id.* However, Federal Rule of Civil Procedure 55(c) states a court "may set aside an entry of default

for good cause." To determine whether there is "good cause" to set aside a default judgment, the Eighth Circuit considers: "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

First, the County, which as discussed above is the proper party, is not blameworthy or culpable because it was never properly served. Federal Rule of Civil Procedure 4(j)(2) requires that a state or local governmental entity that is subject to suit be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under California law, "[a] summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. Proc. § 416.50(a). For the County, the Board of Supervisors is the governing body and has designated the Clerk of the Board as the official responsible for receiving and filing on behalf of the Board any and all petitions, applications, and requests for consideration of the Board. Cal. Gov. Code §§ 25100.5, 25101; County Charter, Art. II § 200 ("The Board of Supervisors shall . . . (c) Appoint . . . the . . . Clerk of the Board of Supervisors . . . ."); County Ordinance Code Title A, Div. A5, Ch. II § A5-18 ("The Clerk shall receive, on behalf of the Board of Supervisors, any and all petitions, applications and requests for the consideration of the Board, and shall file them for the Board and process them for errors."). The Office of the Clerk of the Board is located at 70 W. Hedding Street, 10th Floor East Wing, San Jose, California.

Ms. Johnson did not furnish court officers and the U.S. Marshal with this address, instead providing the addresses of the misnamed Moorpark Lab and Santa Clara Valley Medical Center. Ms. Johnson now moves to redirect summons to the correct address. Ms. Johnson's motion is granted, and the U.S. Marshal is directed to send a copy of the summons and complaint to the Clerk of the Board's address. Even so, default cannot be entered based on the County's failure to respond after not being properly served, and thus the default must be set aside.

Second, the County has meritorious defenses. The County's first meritorious defense is that, based on the pleadings, this Court lacks personal jurisdiction over the County. A federal court may exercise jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Bell Paper Box, Inc. v. U.S. Kids., Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). The Arkansas long-arm statute confers jurisdiction to the fullest extent permitted by the Due Process Clause. Ark. Code Ann. § 16-4-101(B); *Mountaire Feeds, Inc. v. Argo Impex, S. A.*, 677 F.2d 651, 653 (8th Cir. 1982). Thus, the Court's only inquiry here is whether the Due Process Clause permits the exercise of personal jurisdiction over the County.

The Due Process Clause requires that before a court can exercise jurisdiction over non-resident defendants there must be sufficient "minimum contacts" between that defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Id.* at 297. The non-resident defendant must have purposefully directed its

activities at forum residents or "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958); *Kulko v. Sup. Ct.*, 436 U.S. 84, 93-94 (1978). The purposeful availment requirement assures that a non-resident will be aware that it is subject to suit in the forum state. *World-Wide Volkswagen*, 444 U.S at 297.

The Eighth Circuit has identified five factors with which to measure minimum contacts: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Digi-tel Holdings v. Proteq Telecoms.*, 89 F.3d 519, 522-23 (8th Cir. 1996). The first three factors are of "primary importance." *Id.* With respect to the third factor, the Eighth Circuit distinguishes between specific jurisdiction and general jurisdiction. *Bell Paper Box*, 22 F.3d at 819. "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). Specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

After reviewing the parties' pleadings and applying the standard above, viewing the facts in the light most favorable to Ms. Johnson, this Court finds that the County has insufficient contacts with Arkansas to confer personal jurisdiction over them with respect to this lawsuit. Ms. Johnson's complaint (Dkt. No. 2) alleges that in 2000, while she was a medical patient at

Valley Health Center Moorpark in California, two doctors who were employed by the County advised her that her blood tests were positive for Hepatitis-C. She claims this caused her "to go through emotional whirlwind." After moving to Arkansas in 2001, other blood tests by different doctors showed that she did not have Hepatitis-C.

As for the first three factors regarding the County's contacts with Arkansas, Ms. Johnson's only allegation regarding the County's contacts with the forum state is that the County's doctors treated her in California before she moved to Arkansas, where other doctors told her that the County's doctors were wrong. Ms. Johnson has not alleged that the County has "continuous and systematic" contacts with Arkansas, and thus the Court does not have general jurisdiction over the County. *See Steinbuch*, 518 F.3d at 586. Further, she has not sufficiently shown that the County "purposely directed its activities at the forum state," and thus the Court does not have specific jurisdiction over the County. *See id.*; *see also Adden v. Middlebrooks*, 688 F.2d 1147, 1156 (7th Cir. 1982) (holding that a federal court in Illinois did not have personal jurisdiction over Louisiana's Director of Department of Corrections or the Superintendent of Louisiana's Correctional School when sued for a wrongful death committed in Illinois by two escaped prisoners from Louisiana); *Perez Bustillo v. State*, 718 S.W.2d 844, 847 (Tex. App. 1986) (holding that a federal court in Texas did not have personal jurisdiction over a Louisiana prison official for a Louisiana prison escapee's automobile accident in Texas). Accordingly, sufficient minimum contacts do not exist, and thus the County could not reasonably anticipate being haled into court in Arkansas.

The fourth factor, Arkansas's interest in providing its residents with a forum, cannot make up for the absence of sufficient minimum contacts by the County with Arkansas. *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 376 (8th Cir. 1990) (A state's "interest in

7

providing [plaintiff] with a forum cannot make up for the absence of minimum contacts."). Further, Arkansas's interest is weakened because Ms. Johnson was not a resident of Arkansas at the time of the County's alleged wrongful activity. The fifth factor, convenience of the parties, militates against this Court having personal jurisdiction. The alleged injury occurred in Santa Clara County, California—where the County, the doctors who Ms. Johnson alleges informed her she had Hepatitis-C, the County's medical records for Ms. Johnson, and both plaintiff and defendant witnesses are located. Even if there are relevant witnesses and medical records in Arkansas, "[t]he law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

The County's second meritorious defense is that Ms. Johnson has failed to plead and prove compliance with the California Government Claims Act. The Government Claims Act states that "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 887 (2012). "The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *Id.* at 888. Failure to comply with the Government Claims Act is fatal to a cause of action. *Nguyen v. L.A. City Harber/UCLA Med. Ctr.*, 10 Cal. Rptr. 2d 709, 711 (Cal. Ct. App. 1992). Here, Ms. Johnson has not complied with the claims presentation requirement of the Government Claims Act and does not allege to have done so. Accordingly, the County appears to have a meritorious defense to Ms. Johnson's claims.

Third, Ms. Johnson will not be prejudiced if the default is set aside. "[D]elay alone, or the fact that the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Stephenson v. El-Batrawi*, 524 F.3d

907, 915 (8th Cir. 2008). For the court to set aside an entry of default, that action must prejudice the plaintiff "in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion." *Id.* (internal quotation marks omitted). There is no evidence of such prejudice here.

Because the County is not blameworthy or culpable, has meritorious defenses, and Ms. Johnson will not be prejudiced, the County's motion to set aside default is granted. However, the Court does not dismiss Ms. Johnson's claim for lack of personal jurisdiction over the County only because the County has not filed a motion to dismiss asking the Court to do so. *See* Fed. R. Civ. Pro. 12(h)(1) (stating that defense of lack of personal jurisdiction is waivable). Unless Ms. Johnson can provide further facts in response to a motion to dismiss that show sufficient minimum contacts between the County and Arkansas, the Court would likely grant a motion to dismiss by the County.

* * *

For the foregoing reasons, Ms. Johnson's motion for relief from this Court's September 10, 2013, Order is denied (Dkt. No. 17). The County's motion to set aside default (Dkt. No. 18) and Ms. Johnson's request to redirect summons (Dkt. No. 21) are granted. The Clerk is directed to terminate defendant Valley Medical Hospital and add as a defendant the County of Santa Clara, California. The U.S. Marshal is directed to send a copy of the summons and complaint to Clerk of the Board, 70 W. Hedding Street, 10th Floor East Wing, San Jose, California 95110.

SO ORDERED this the 18th day of November, 2013.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE